[Cite as *State v. Tillman*, 2014-Ohio-829.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99994**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CASSANDRA TILLMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-572152

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road
#613
Cleveland, OH   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
        Amy E. Venesile
Assistant Prosecuting Attorneys
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Cassandra Tillman appeals her conviction, entered after a bench trial. For the following reasons, we find no merit to Tillman's appeal and affirm the decision of the trial court.

{¶2} The state charged Tillman with one count of felonious assault in violation of R.C. 2903.11(A)(2), one count of robbery in violation of R.C. 2911.02(A)(2), two counts of robbery in violation of R.C. 2911.02(A)(3), two counts of failure to comply in violation of R.C. 2921.331(B), one count of endangering a child in violation of R.C. 2919.22(A), and one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1).

{¶3} These charges arose from a single incident occurring at a Kmart store located in Garfield Heights, Ohio. On the day of the incident, Tillman, with a four-year-old child in tow, attempted to shoplift over $700 of merchandise from the store. The assistant manager and the loss prevention employee prevented Tillman from leaving the premises with the merchandise, initially by blocking the exit. Tillman pushed the assistant manager several times and attempted to punch him in the face. The loss prevention employee intercepted the punch before Tillman was able to connect.

{¶4} Tillman managed to leave while the Kmart employees secured the merchandise. After leaving, Tillman led the police on a high speed chase, in excess of 100 m.p.h. through city streets, with the young child in the back seat. Ultimately,

Tillman lost control and rammed a telephone poll hard enough to blow the engine completely out of the car she was driving. No one was hurt by the impact.

**{¶5}** After a bench trial, the trial court dismissed several counts, none of which is relevant to the current appeal. The court found Tillman guilty of one of the R.C. 2911.02(A)(3) robbery counts, the two failure to comply counts, and the endangering a child count. Tillman was sentenced to an aggregate term of two years in prison. Tillman timely appeals, raising one assignment of error, in which she contends the trial court erred in finding her guilty of robbery in violation of R.C. 2911.02(A)(3) because there was insufficient evidence that Tillman used or threatened the use of physical harm in committing or fleeing immediately after the attempted theft offense. Tillman's sole assignment of error is without merit.

**{¶6}** A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶7}** Tillman challenges the sufficiency of the evidence supporting her conviction for robbery pursuant to R.C. 2911.02(A)(3). In order to substantiate the robbery charge, the state must have demonstrated beyond a reasonable doubt that Tillman "in attempting

or committing a theft offense or in fleeing immediately after the attempt or offense, * * * [used] or threaten[ed] the immediate use of force against another."  R.C. 2911.02(A)(3). Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  R.C. 2901.01(A)(1); *State v. Foster*, 8th Dist. Cuyahoga No. 90109, 2008-Ohio-2933 (holding that the physical tussle between the victim and the defendant, which occurred after the theft was completed, satisfied the force element for robbery).

{¶8} For example, in *Foster*, the defendant initially snatched a coin purse that was on the victim's bed in an adult care center and then attempted to exit the room.  The victim attempted to impede the defendant's egress, and a tussle ensued in which the victim was overpowered.  The defendant escaped with the purse.  *Id.* at ¶ 21.  This court determined that the tussle was sufficient force to substantiate the R.C. 2911.02(A)(3) robbery conviction.  *Id.*

{¶9} In this case, Tillman conceded she attempted a theft offense and challenges the state's evidence with regard to the force element of her robbery conviction.  Tillman attempted to exit the store with stolen merchandise when the Kmart employees impeded her exit.  A tussle ensued.  Tillman forcefully pushed the assistant manager several times while he was blocking her only exit.  Tillman additionally would have punched the assistant manager but for the quick intervention by the other Kmart employee.  The state, in addition to the assistant manager's testimony, presented videotaped evidence of the tussle that occurred between the Kmart employees and Tillman in her attempt to escape.

Viewing this evidence in the light most favorable to the state, a rational trier of fact could have found the essential element of force proven beyond a reasonable doubt. Accordingly, the trial court properly found Tillman guilty of robbery in violation of R.C. 2911.02(A)(3). Tillman's sole assignment of error is overruled.

{¶10} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR